## 28150. RUCKER v. NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY.

DECIDED JULY 31, 1940.

*Joseph B. McGinty,* for plaintiff.

*Howard B. Payne, William F. Buchanan,* for defendant.

STEPHENS, P. J. (After stating the foregoing facts.) The policy was denominated an endowment policy. It provided that on the insured's reaching a certain age the company would pay the amount of "endowment insurance" named in the policy, and further provided that "in the event of disability from illness or accident" the company would pay to the insured the weekly benefits scheduled therein. It affirmatively appeared from the uncontradicted evidence that the insured had become permanently insane. The policy provided that should the insured become insane and disability therefrom not exceed ten weeks, the company would pay weekly disability benefits as if the insured were disabled from illness, which payments would not exceed ten weeks; and that on receipt by the company of due proof that the insured was permanently insane, the "policy shall thereupon mature, and the company shall be liable only for the amount of endowment insurance provided above." This suit is based on the insured's permanent insanity, and is to recover the amount of the endowment insurance as provided in the policy. In the paragraph numbered 5 under the heading "conditions" appearing in the policy, after providing that the insured would not be entitled to any benefits for sickness or accident unless a satisfactory physician's certificate was furnished, it was provided that "no benefits will be paid for disability resulting from venereal diseases." Nowhere else in the policy is there any provision relieving the insurer from liability under the policy for insanity or disability resulting from venereal diseases. This provision in the policy is in paragraph 5, which provides that the insurer is not liable to pay benefits for sickness or accident unless a proper medical certificate is furnished, and specifically states that "no benefits will be paid for disability resulting from venereal diseases." Plainly this has reference to weekly benefits. While weekly benefits are payable under the policy for temporary insanity

not in excess of ten weeks, the policy specifically provides that if the insured becomes permanently insane, the company is not liable for any weekly benefits, but is liable only for the "endowment insurance" as provided in the policy. Construing the provisions of this policy in their entirety, including the provisions of paragraph 5, most favorably to the insured, it is our opinion that the words in such paragraph, that "no benefits will be paid for disability resulting from venereal diseases," have reference to the payment of weekly benefits for sickness or accident, and have no reference to the payment of the amount of the "endowment insurance" specified in the policy, which is payable under the policy on the insured's reaching a stated age, or upon his death, or upon his becoming permanently insane. It follows that although the evidence was undisputed that the insured's permanent insanity was the result of paresis, which was caused by a venereal disease, namely syphilis, it was error to direct the verdict for the defendant. The court erred in overruling the motion for new trial.

*Judgment reversed. Sutton and Felton, JJ., concur.*